UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RONALD SMITH,**

  *Plaintiff*,

v.                                                                                    Case No.  SA-23-CV-00623-JKP

**RAMIRO SANCHEZ,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court are multiple motions filed by Plaintiff Ronald Smith and Defendant Officer Ramiro Sanchez regarding evidence offered by Officer Sanchez to support his Motion for Summary Judgment. *See* ECF Nos. 23, 24, 26, 27, 31. With this Memorandum Opinion and Order, the Court addresses all motions except the Motion for Summary Judgment, which the Court addresses in a separate Memorandum Opinion and Order issued contemporaneously with this one.

### BACKGROUND

This case arises from a traffic stop in which Plaintiff Ronald Smith was pulled over by Defendant Officer Ramiro Sanchez. Officer Sanchez says he extended the stop and ultimately transported Smith to the hospital because Smith was experiencing a mental health crisis. Smith says Officer Sanchez's given reasons for detaining Smith are pretextual, in violation of Smith's constitutional rights. In a prior order, the Court dismissed all claims against Defendant Bexar County and all but the Fourth Amendment claims against Officer Sanchez. In a supplemental briefing to his Motion to Dismiss, Officer Sanchez attempted to attach his body camera video as

evidence. Finding the video evidence was improper to consider on a Motion to Dismiss, the Court converted Officer Sanchez's Motion to Dismiss to a Motion for Summary Judgment and ordered Officer Sanchez to file an amended motion with the video evidence attached, to allow Smith an opportunity to review and respond to the evidence and so that the Court could properly consider it. *See* ECF No. 22. Officer Sanchez has filed his Motion for Summary Judgment (ECF No. 23), which the Court addresses separately. This order deals with motions related to the Motion for Summary Judgment.

## DISCUSSION

The pending motions before the Court can be summarized broadly as motions dealing with the admissibility of evidence and briefing proffered by Officer Sanchez in support of his Motion for Summary Judgment. *See* ECF No. 23. Specifically, Officer Sanchez seeks leave of Court to file body camera video evidence on a flash drive with the Clerk of Court because the evidence cannot be uploaded electronically to the Court's electronic filing system, CM/ECF. *See* ECF No. 24. The Court grants this motion because filing evidence in person with the Clerk of Court is the standard process for submitting large files to the Court that cannot be uploaded electronically. *See* Fed. R. Civ. P. 5(d)(2)(A). Smith moves to strike Officer Sanchez's proffered summary judgment evidence, arguing it was improperly provided to the Court *ex parte*, it is not authenticated, and it is inadmissible at trial. *See* ECF No. 27. The Court denies the motion because the summary judgment evidence was served on opposing counsel and is admissible on summary judgment under the standard set forth in Fed. R. Civ. P. 56. Smith finally moves that the Court strike Officer Sanchez's reply to Smith's response to the Motion for Summary Judgment and impose sanctions for failing to follow requirements of the Federal Rules. *See* ECF No. 31. The Court denies the motion because Officer Sanchez's reply was not untimely, nor has

his attorney engaged in sanctionable activity. The Court more fully discusses its rulings on the admissibility of evidence, the timeliness of Officer Sanchez's reply, and Smith's request for sanctions below.

I. **Admissibility of Evidence**

Smith objects to the Court's consideration of Officer Sanchez's summary judgment evidence on three bases: (1) Smith suggests Officer Sanchez improperly provided video evidence to the Court *ex parte*, (2) the evidence is not authenticated, and (3) the evidence is inadmissible at trial. *See* ECF No. 27.

Regarding his first argument, Smith takes issue with admission of Officer Sanchez's body camera video in this case because, when Smith first requested video evidence of the encounter, the police department claimed none existed. Officer Sanchez then provided his body camera video in a supplemental briefing in support of his Motion to Dismiss. *See* ECF No. 19. While the Court agrees the police department's failure to produce the video evidence sooner is unfortunate, that failure alone does not make it inadmissible. Smith objects to the evidence on the grounds that Officer Sanchez failed to properly serve the video evidence on opposing counsel. *See* ECF No. 25. Whatever the status of service when the motion was first filed, what is now clear is Smith has a copy of the video evidence Officer Sanchez provided to the Court because Smith references it extensively in his response brief. *See* ECF No. 26 at 9–10. The Court rejects Smith's suggestion that the video evidence was somehow altered or edited. The Court takes as true defense counsel's statement, as an officer of the Court, that the video evidence provided to plaintiff's counsel is unedited, contains the same as video evidence provided to the Court, and was provided to opposing counsel as contemporaneously with filing as possible. *See* ECF Nos. 30 at 4, 30-1. As the Fifth Circuit has recently found, "[f]raud upon the court is a

serious accusation," and where the party challenging video evidence offers mere speculation without evidence of impropriety, the Court is unpersuaded. *See Donalson v. McLeaish*, 2023 WL 8715368 at *4 (5th Cir. 2023).

To support his objection, Smith cites caselaw finding a court's consideration of evidence on a converted summary judgment motion is improper where the movant fails to serve said evidence on the nonmovant. *See Allen v. Hays*, 812 Fed. App'x. 185 (5th Cir. 2020). The case at bar, however, is distinguishable because Smith was served the video evidence. *See* ECF Nos. 26, 30, 30-1. Rule 12(d) allows courts to consider evidence on a converted motion for summary judgment where all parties were "given a reasonable opportunity to present all the material that is pertinent to the motion." The Fifth Circuit requires a district court converting a motion under Rule 12(d) to comply strictly with Rule 56's notice requirements. *Clark v. Tarrant Cty.*, 798 F.2d 736, 745 (5th Cir. 1986). Under Rule 56, courts must give parties "notice and a reasonable time to respond." *See* Fed. R. Civ. P. 56(f). The Fifth Circuit interprets this requirement to mean parties must have at least ten days to submit additional evidence once they are put on "fair notice" that a "court could properly treat [a Rule 12(b)(6)] motion as one for summary judgment." *Clark v. Tarrant Cty.* at 745–46. Parties are on fair notice as soon as they know a district court has accepted matters outside the pleadings for consideration on a Rule 12(b)(6) motion. *Id*. Although "giv[ing] express notice" that the court might convert the motion to dismiss is "the better practice," the "failure to give such notice does not require reversal." *Id*. Rule 56's requirements are met where, as here, the Court announced its intention to convert the motion, ordered Officer Sanchez to file a revised motion with the video evidence attached, and gave the parties an opportunity to file responsive briefings. *See* ECF No. 22. Specifically, Smith was given fourteen days to respond to the motion and Officer Sanchez was given seven days to reply

4


to any response. *Id*. The Court, therefore, overrules Smith's objection to the video evidence based on Officer Sanchez's alleged failure to serve Smith. Smith was notified, served, and given an opportunity to respond.

Smith further objects to Officer Sanchez's body camera video, police report, and affidavit, arguing they are unauthenticated and inadmissible at trial. In so doing, Smith relies on a prior version of Rule 56 and cases interpreting it. In 2010, Rule 56 was amended to clarify and streamline the procedures regarding summary judgment motions and to make clear the process for supporting or objecting to assertions of fact. *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 354 (5th Cir. 2017), *as revised* (July 5, 2017) (citing the advisory committee's notes to the 2010 amendment). Specifically, the 2010 revision eliminated Rule 56's requirement that evidence be authenticated and admissible in its present form on summary judgment, mandating only that the substance of the proffered evidence would be admissible at trial. *Id*. at 355 (*citing* 11 Moore's Federal Practice–Civil ¶ 56.91 (2017)). This approach "allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing" the burdens of trial at an earlier procedural stage. *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017). The burden is on the movant to show the material is admissible as presented or to explain the admissible form that is anticipated. *Lee v. Offshore Logistical* at 355.

The evidence to which Smith objects in this case is of the type the Fifth Circuit has previously recognized as properly considered on summary judgment. Specifically, the Fifth Circuit has found that an officer's body camera video is admissible on summary judgment "because [the movant] could have authenticated the videos at trial by providing an affidavit of

their authenticity." *Donalson v. McLeaish*, 2023 WL 8715368 at *3. The Fifth Circuit has similarly suggested an officer's sworn affidavit would be admissible summary judgment evidence because the officer could testify to his opinions at trial and those opinions would be admissible. *Lee v. Offshore Logistical* at 355. While the Court finds no authority as to the admissibility of police reports on summary judgment, the reasoning in existing caselaw extends to police reports because they, like sworn affidavits and body camera videos, could be authenticated and admitted at trial. Indeed, in civil cases, police reports are generally admissible at trial as public records that set forth factual findings from a legally authorized investigation. *See* Fed. R. Evid. 803(8)(A)(iii). The Court, therefore, overrules Smith's objection to Officer Sanchez's evidence on authenticity and admissibility grounds. Officer Sanchez's body worn camera video, affidavit, and police report are properly considered on summary judgment.

## II.     Timeliness of Reply

Smith further asks the Court to strike as untimely Officer Sanchez's reply to Smith's response to the Motion for Summary Judgment. *See* ECF No. 31. Smith relies on Local Rule CV-7, which gives parties seven days from the date a response is filed to file their reply. Based on this, Smith suggests Officer Sanchez's reply was due seven days after Smith filed his response on November 21, 2023—which would be November 28, 2023. Smith, however, neglects to account for the fact that the Court set a briefing schedule in its order giving Officer Sanchez until December 7, 2023 to file a reply. *See* ECF No. 22. The Court's order supersedes the deadlines set forth under Local Rule CV-7 by operation of Local Rule CV-1, which states, "Any judge of this court may waive any requirement of these rules regarding the administration of that judge's docket." The Court, therefore, finds Officer Sanchez's reply was timely filed on

December 7, 2023, in compliance with the Court's order, and denies Smith's request to strike the reply as untimely.

### III. Sanctions

Smith requests the Court sanction defense counsel under Rule 11 for filing an untimely reply and attempting to attach inadmissible evidence to the Motion for Summary Judgment. *See* ECF No. 31. Plaintiff's counsel also filed a grievance against defense counsel with the state bar. *See* ECF No. 34. As an initial matter, the Court finds defense counsel has engaged in no sanctionable activity because, for the reasons articulated above, his reply was timely filed and his evidence is admissible on summary judgment. On the contrary, the Court questions whether plaintiff's counsel has betrayed his duty of candor to the Court in ignoring Local Rule CV-1's effect on Local Rule CV-7 to challenge the timeliness of Officer Sanchez's reply and relying on an outdated version of Rule 56 to support his admissibility argument. Moreover, plaintiff's counsel has engaged in harassing activity, referring to defense counsel as a "clown" (ECF No. 31 at 55) and admonishing the Court that if fails to adopt his interpretation of the law, plaintiff's counsel will "help" the Court get its "house in order." *See* ECF No. 31 at 10. Such statements by an officer of the Court are unprofessional and unacceptable. Furthermore, they are sanctionable under Rule 11. *See e.g., Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir. 1989). Plaintiff's counsel is on notice that the Court is prepared to impose sanctions for any future inappropriate behavior.

### CONCLUSION

For the reasons discussed, the Court grants Officer Sanchez's request for leave to file video evidence directly with the Clerk of Court and denies Smith's motions to strike the summary judgment evidence and Officer Sanchez's reply.

**IT IS THEREFORE ORDERED** that Officer Sanchez's Motion for Leave to File Video Evidence Directly with the Clerk of Court is **GRANTED** for good cause shown. *See* ECF No. 24.

**IT IS FURTHER ORDERED** that Smith's Motion to Strike Officer Sanchez's summary judgment evidence is **DENIED** because the evidence is admissible. *See* ECF No. 27.

**IT IS FURTHER ORDERED** that Smith's Motion to Strike Officer Sanchez's reply to Smith's response to the Motion for Summary Judgment is **DENIED** because the reply was timely filed. *See* ECF No. 31.

**IT IS FINALLY ORDERED** that the Court **DENIES** Smith's request for Rule 11 sanctions and **FINDS** Defense counsel has not engaged in any sanctionable activity.

The Clerk of Court is **INSTRUCTED** to remove the gavel in ECF No. 26 because the document is Smith's Response to Officer Sanchez's Motion for Summary Judgment, not a motion requiring a Court ruling.

It is so ORDERED.
SIGNED this 16th day of August, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE